UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMARCUS MORGAN,<br><br>Petitioner,<br>v.<br><br>SUPERINTENDENT OF THE<br>WABASH VALLEY CORRECTIONAL<br> FACILITY,<br><br>Respondent. | )<br>)<br>)<br>)  Case No. 2:13-cv-154-JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Demarcus Morgan for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 12-11-0011. For the reasons explained in this Entry, Morgan's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On November 14, 2012, Sgt. Purcell wrote a conduct report charging Morgan with possession of intoxicants, B213. The conduct report stated:

> At approximately 8:35 AM on 14 November 2012 (Sgt. R. Purcell) went to SCU A-West cell 804 to conduct a shakedown with C/O J. Staley. Offender Demarcus Morgan OC#149236 is assigned to SCU A-West cell 804. Upon arriving at the cell Offender Morgan was sitting on the toilet. While waiting for Offender Morgan to get off the toilet I smelled a fermented liquid. I then observed Offender Morgan flushing an orangish colored liquid out of water bottles down the toilet. When Offender Morgan was removed from the cell we found approximately 12 empty water bottles on the floor by the toilet. The water bottles and the cell smelled of a fermented liquid.

Correctional Officer Staley wrote a witness statement:

> At approximately 8:35 AM on 11/14/2012 I (C/O J. Staley) went to A-West cell 804 with Sgt. R. Purcell to conduct a shakedown. Offender Demarcus Morgan DOC#149236 was sitting on the toilet when we arrived at the cell. While waiting on him I heard the toilet flush numerous times. After Sgt. Purcell placed Offender Morgan in mechanical restraints and the cell door opened I smelled a fermented smell. I observed approximately 12 empty water bottles laying on the floor around the toilet.

Sergeant R. Purcell wrote an additional statement:

> On 14 November 2012 at approximately 8:35 AM I (Sgt. R. Purcell) observed Offender Demarcus Morgan DOC# 149236 dump and flush an orangish colored liquid out of water bottles into the toilet. The liquid coming out of the bottles smelled fermented, it did not have a citrus smell of oranges.

On November 16, 2012, Morgan was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested no witnesses but said that he would bring statements to the hearing. He also requested that the video be reviewed. Morgan stated that the video would show that Sgt. Purcell threw oranges out of Morgan's cell and that it was oranges that the officer smelled. Morgan denied flushing anything down the toilet.

A hearing was conducted on November 30, 2012. Prior to the hearing the hearing officer viewed the video Morgan had requested. The hearing officer summarized the video as follows:

> After reviewing the video of SCU AHU Range 8 for the above date and time, the following was witnessed. At 08:06:53 (time on video) Sgt[.] Purcell and two officers approach cell 804. At 08:07:08 Sgt Purcell and the Officers step back and stand against the wall. At 08:07:47 Sgt Purcell and the [o]fficers approach 804 again, and stand in front of the cell waiting on offender Morgan, Demarcus #149236. At 08:08:36 [o]ne of the officers exits the range. 08:09:15 [t]he second officer exits the range. At 08:09:29 [o]ne of the officers returns to the range and joins Sgt Purcell. At 08:10:03 [t]he second officer returns to the range. At 08:10:36 [a]ll three staff are standing up again [at] the wall at the foot of the stairs. At 08:12:14 Sgt Purcell exits the range. At 08:13:43 Sgt Purcell returns to the range. At 08:18:08 Sgt Purcell approaches the front of cell 804 and is talking to offender Morgan. At 08:19:26 Sgt Purcell cuffs offender Morgan and the offender is escorted to stand against the wall. Sgt Purcell and Officer Staley enter cell 804. One officer stays with offender Morgan. At 08:20:37 Officer Staley steps out of the cell. At 08:20:45 Sgt Purcell walks out of cell 804 and tosses six items (oranges) down the range towards the door. At 08:21:05 Offender Morgan is placed/secured back in cell 804. An officer can be seen gathering up the oranges. At 08:21:22 [a]ll three staff members exit the range. It is the hearing officer's decision that the video supports the conduct report.

The hearing officer found Morgan guilty of the charge. In finding Morgan guilty, the hearing officer considered the conduct report, staff statements, the statement of the offender, and the video summary. Morgan stated that "Sgt. Purcell failed to follow protocol by failing to confiscate and document 12 alleged water bottles that would support his allegations of me disposing of an orangish colored liquid from water bottles." He also stated that "[w]hat Sgt. Purcell believed smelt (sic) of a fermented liquid were in fact oranges he removed from my cell." The hearing officer concluded that "[t]he water bottles were not taken by staff and the intoxicants had already been flushed. DHO finds Morgan guilty."

Morgan was sanctioned with a written reprimand, a 1 month loss of phone privileges, and an earned credit time deprivation of 45 days. These sanctions were imposed because of the seriousness of the offense and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Morgan appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Morgan asserts the following claims: 1) the hearing officer failed to consider the video evidence; and 2) the charging officer and hearing officer failed to follow protocol by obtaining and documenting the 12 water bottles.

Morgan's first claim is, in essence, that there was insufficient evidence to support the conduct report. He argues that the hearing officer failed to consider the video showing that what Sgt. Purcell thought was fermenting liquid was actually the smell of oranges. He also argues that exculpatory evidence consisting of the 12 water bottles was never presented or considered.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

Although the video summary does indicate that Morgan had oranges in his cell and that Sgt. Purcell took six oranges from the cell and tossed them down the range, this does not compel a finding that Morgan was not guilty of possessing intoxicants. Video evidence would not confirm or deny any evidence relating to the smell that both officers reported. In addition, the absence of the water bottles does not require a reversal. The hearing officer was aware that the water bottles were not taken by staff, and it was sufficient that the statements and reports of the officers were considered. Sgt. Purcell stated that he observed Morgan flush an orangish liquid out of the water bottles into the toilet and that the liquid smelled fermented, not like oranges. The hearing officer could reasonably conclude from the content of the conduct report and the officers' statements that Morgan had possessed intoxicants. This evidence was sufficient to support the finding that Morgan was guilty of the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Morgan's claim based on insufficiency of the evidence fails.

Morgan's second claim fails because it relies on provisions of the Adult Disciplinary Procedures ("ADP") or state law. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). The alleged violation of state or ADP protocol did not violate due process.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Morgan's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Demarcus Morgan
DOC #149236
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel